UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNALDO VALLADAREZ PAGUADA (A240-192-747),<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM et. al.,<br><br>Respondents. | No. 1:26-cv-01298-DAD-CKD<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I. Factual and Procedural History

Petitioner, a citizen of Nicaragua, entered the United States without inspection on January 28, 2022. ECF No. 1-2. Upon apprehension by U.S. Customs and Border Protection, he was placed in removal proceedings and released on his own recognizance. ECF 1-1. While in the United States, Petitioner married a U.S. citizen, who subsequently filed a form I-130 Petition for Alien Relative, to begin the process of obtaining lawful permanent resident status. ECF No. 1-3, 1-4, 1-5. Based on the pending I-130 petition, an Immigration Judge administratively closed Petitioner's removal proceedings on March 14, 2024. ECF No. 1-6. Nearly two years later, on February 5, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner

at the California City Detention Facility. ECF No. 1 at 5.

Petitioner filed a petition for writ of habeas corpus alleging that re-detention without a pre-deprivation hearing violates his Fifth Amendment due process rights, is unlawful under the Immigration and Nationality Act ("INA"), and is arbitrary and capricious and therefore a violation of the Administrative Procedures Act ("APA). ECF No. 1. He also filed a motion for temporary restraining order. ECF No. 2. The district judge assigned to this case ordered Respondents to address whether any provision of law or fact in this case would distinguish it from Perez v. Albarran, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and other similar cases decided by this court. ECF No. 4. Though Respondents conceded that there are no material factual differences that would distinguish this case from Perez v. Albarran, their position is that Petitioner, who entered without inspection, is an applicant for admission and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 8. Respondents also moved to dismiss all Respondents other than Petitioner's immediate custodian (ECF No. 7) and moved to dismiss Petitioner's habeas petition and motion for temporary restraining order. ECF No. 8. In their motion and opposition, Respondents requested that the Court hold this matter in abeyance pending resolution of Ninth Circuit appeals in two cases presenting issues similar to those in the instant case. Id. at 2, 3. Petitioner opposed both motions to dismiss. ECF No. 9.

On February 19, 2026, the district court judge assigned to this case granted preliminary relief, ordering Petitioner's release and enjoining Respondents from re-detaining Petitioner without a pre-detention hearing. ECF No. 10. The matter was then referred to the undersigned.

## II. Legal Standards

### A. Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). This case presents both statutory and constitutional challenges to Petitioner's ongoing immigration detention. This court has jurisdiction.

**B. Applicable Immigration Detention Statute**

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Supreme Court described the detention statutes at issue in this case, 8 U.S.C. § 1225 and 8 U.S.C. § 1226, in some detail in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> To implement its immigration policy, the Government must be able to decide (1) who may enter the country and (2) who may stay here after entering.
>
> That process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether a[] [non-citizen] seeking to enter the country is admissible. Under [] 8 U.S.C. § 1225, [a non-citizen] who "arrives in the United States," or "is present" in this country but "has not been admitted," is treated as "an applicant for admission." Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3).
>
> As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to [non-citizens] initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other [non-citizens] designated by the Attorney General in his discretion. See 8 U.S.C. § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B).
>
> Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain [non-citizens]. [Non-citizens] covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) [non-citizen] "indicates either an intention to apply for asylum ... or a fear of persecution," then that [non-citizen] is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the [non-citizen] has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). [Non-citizens] who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those [non-citizens] "shall be detained for a [removal] proceeding" if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country. 8 U.S.C. § 1225(b)(2)(A).

> ….
>
> Even once inside the United States, [non-citizens] do not have an absolute right to remain here. For example, [a non-citizen] present in the country may still be removed if he or she falls "within one or more ... classes of deportable [non-citizens]." 8 U.S.C. § 1227(a). That includes [non-citizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).
>
> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal. Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] "pending a decision on whether the [non-citizen] is to be removed from the United States." § 1226(a). "Except as provided in subsection (c) of this section," the Attorney General "may release" [a non-citizen] detained under § 1226(a) "on ... bond" or "conditional parole."

Id. at 286-89 (footnote omitted).[1]

## III. Analysis

### A. Improper Detention Authority

Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit. See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

> Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States. See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary

[1] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

> detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025).

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025). The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing Petitioner's detention here is § 1226(a), and not § 1225(b)(2).

The undersigned also notes the increasing body of appellate case law outside the Ninth Circuit on this issue. The undersigned declines to follow Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), for the reasons articulated in Iskandar Wasef v. Chestnut, et al., 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (Feb. 12, 2026). The undersigned instead finds persuasive the Second Circuit's extensive analysis in Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026). See also Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026) (holding that § 1226(a) governs detention of "unadmitted [non-citizens] found in the interior of the United States" and that such non-citizens "are eligible for bond while they go through immigration proceedings"); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) (holding that § 1226(a) governs detention of individuals who entered without inspection but are arrested in the interior of the United States).

**B. Due Process**

Having determined that Petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned turns to whether continued detention without a bond hearing violates Petitioner's procedural due process rights. Respondents concede that there are no material factual differences that would distinguish this case from Perez v. Albarran, No. 1:25-cv-01540-DAD-CSK, 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), in which this court applied the three-factor test set out in Mathews v. Eldridge, 424 U.S. 319 (1976) to conclude that the petitioner's re-detention without a bond hearing violated procedural due process. The undersigned therefore adopts the reasoning in Perez v. Albarran to find that Petitioner's detention violated Petitioner's procedural due process rights and recommends granting the petition for writ of habeas corpus on count 1.[2] Having done so, the undersigned need not address Petitioner's remaining claims.

---

[2] Respondents' alternative request that this matter be held in abeyance pending a ruling by the

**C. Motion to dismiss or strike additional respondents**

Respondents moved the Court to strike all named respondents other than Petitioner's immediate custodian. Respondents cite the Ninth Circuit's literal reading of 28 U.S.C. § 2243 and the Supreme Court's prior finding that "in habeas challenges to present physical confinement…the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Doe v. Garland, 109 F.4th 1188, 1192 (9th Cir. 2024) (citing Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S. Ct. 2711, (2004) Note, though, that the Supreme Court deemed it a *default* rule. It also acknowledged that "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement" and "[i]dentification of the party exercising legal control over the detainee only comes into play when there is no immediate physical custodian." Padilla, 542 U.S. at 427. Here, Petitioner is not presently detained, nor is there an immediate physical custodian. Though the habeas petition challenges Petitioner's custody, Petitioner has been released pursuant to a grant of preliminary relief. Should the government wish to detain him again, it is not the warden but rather one or more of the other named Respondents that would have authority over such decisions and carry out the arrest. Because the warden would not have authority over re-detention decisions in this matter, the undersigned finds that the "default" immediate custodian rule does not apply and recommends that Respondent's motion to dismiss additional respondents be denied.

**IV. Recommendations**

Accordingly, IT IS HEREBY RECOMMENDED that

1. Petitioner's application for a writ of habeas corpus be GRANTED;
2. Respondents' motion to dismiss petition for writ of habeas corpus (ECF No. 8) be DENIED;
3. Respondents' motion to dismiss all respondents other than Petitioner's immediate

---

Ninth Circuit in Rodriguez v. Bostock and others should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

custodian (ECF No. 7) be DENIED;

4. The grant of preliminary relief become permanent and Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner written notice and a pre-detention hearing before a neutral adjudicator, in which Respondents bear the burden to demonstrate that Petitioner presents a danger to the community or flight risk;
5. The order not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
6. The Clerk of Court be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 Pagu1298.imm.frs